**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LESTER MATHEWS SHARPTON,

Defendant - Appellant.

No. 11-30353

D.C. No. 4:10-cr-00105-SEH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted June 26, 2012 [**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Lester Mathews Sharpton appeals from the 144-month sentence imposed

following his guilty-plea conviction for viewing child pornography, in violation of

18 U.S.C. § 2252A(a)(5)(B).  We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Sharpton's request for oral argument is denied.

affirm.

Sharpton first contends the district court erred when it applied a five-level enhancement under U.S.S.G. § 2G2.2(b)(5) because his prior conviction for two counts of criminal sexual contact with a minor did not constitute a "pattern of activity." The district court did not err. *See* U.S.S.G. § 2G2.2(b)(5) cmt. n.1.

Sharpton next contends that the district court erred in denying him an additional one-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(b). He argues that the government's refusal to move for the third point was arbitrary in light of the fact that the plea offer that Sharpton rejected would have permitted an appeal challenging the enhancement under section 2G2.2(b)(5). This argument is unpersuasive because the government's position was not arbitrary. *See United States v. Johnson*, 581 F.3d. 994, 1002-04 (9th Cir. 2009).

Sharpton also contends that the district court procedurally erred by failing to consider fully and to explain the 18 U.S.C. § 3553(a) sentencing factors. The record belies this contention.

Sharpton finally contends that his sentence is substantively unreasonable. The within-Guidelines sentence is substantively reasonable in light of the totality of the circumstances and the section 3553(a) sentencing factors. *See United States v. Gall*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**